ALBA LOGAN, Respondent, v. COURT OF HONOR, Appellant.

Kansas City Court of Appeals, December 31, 1912.

BENEFIT CERTIFICATE: Disease: Evidence: Peremptory Instruction. Though a trial court may, in proper instances, direct a verdict for the defendant, yet where the evidence sustaining the defense is of an uncertain or indefinite character, such as to the time when treatment was given for a disease, or as to the kind of disease, the court would be without right to so instruct and properly refused to do so.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb*, Judge.

AFFIRMED.

*P. J. Reiger* and *Jno. D. Taylor* for appellant.

*John T. Barker* for respondent.

ELLISON, J.—This action is based on a benefit certificate of life insurance on the life of A. W. Logan, who died in 1909. The judgment in the circuit court was for the plaintiff.

Plaintiff is the widow of deceased. The certificate was issued in 1907. The defense is that deceased was afflicted with syphilis and tuberculosis, for which he had been treated by physicians within five years of his application, whereas in answer to question set

down in the application he stated and represented that he had not been treated for such diseases, nor had he consulted physicians within five years previous.

The point made by defendant is that it established its defense without meeting with any contradictory evidence.

There was evidence tending strongly to show that deceased had been treated by a physician for syphilitic trouble within five years of the date of deceased's membership. But this evidence, as given by the physician, shows he may have been mistaken in some material parts. There was evidence tending to show that he could not have treated deceased when he stated, and that his treatment may have been after deceased obtained his certificate. That he might have been mistaken was further shown by his having failed to mention such disease when he gave his deposition in the case on a former occasion. The other physician stated he was not certain whether deceased had been afflicted with syphilis.

In addition to this, plaintiff, who had been living with deceased as his wife, testified that he was not afflicted as contended by defendant.

We are satisfied that the uncertain nature of the testimony in defendant's behalf, to say nothing of that given by plaintiff, left the trial court without authority to direct a peremptory verdict for defendant, and it was right in refusing.

The judgment is affirmed. All concur.